1

2                                        **FILED**

3                                        DEC 07 2015

4                                        SUSAN Y. SOONG
                                         CLERK, U.S. DISTRICT COURT
5                              NORTHERN DISTRICT OF CALIFORNIA
                                         SAN JOSE

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   ROBERT RUBINO,                    )   No. C 14-05553 EJD (PR)
                                       )
12              Plaintiff,             )   **ORDER GRANTING DEFENDANTS'**
                                       )   **MOTION TO TRANSFER; SETTING**
13   v.                                )   **BRIEFING SCHEDULE FOR**
                                       )   **REMAINING DEFENDANT;**
14                                     )   **ADDRESSING PENDING MOTIONS**
     KAMALA D. HARRIS, et al.,         )
15                                     )
                Defendants.            )
16   _____ )   (Docket Nos.  38, 69 & 75)

17

18        Robert Rubino, a state prisoner at R. J. Donovan Correctional Facility in San

19   Diego County, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983.

20   On June 2, 2015, the Court screened Plaintiff's first amended complaint ("FAC") and

21   ordered service on the United States, United States Attorney General Loretta Lynch, and

22   California Attorney General Kamala Harris.  (Docket No. 34.)  The Court addresses

23   several pending motions below.

24                                **DISCUSSION**

25   A.    **Motion to Transfer**

26        Defendants United States and Attorney General Loretta Lynch (collectively, "the

27   United States Defendants") move to transfer this matter for improper venue.  (Docket No.

28   38.)  Defendant Kamala Harris submits that if transfer is granted, the claims against her

1   should be severed and remain in this Court.  (Docket No. 46.)

2         Venue generally is proper in a judicial district in which: (1) any defendant resides,

3   if all defendants are residents of the state in which the district is located; (2) a substantial

4   part of the events or omissions giving rise to the claim occurred, or a substantial part of

5   property that is the subject of the action is situated; or (3) any defendant is subject to the

6   court's personal jurisdiction, if there is no district in which the action may otherwise be

7   brought.  28 U.S.C. § 1391(b).  Because the United States Defendants reside in

8   Washington D.C., venue for the claims against them properly lies in United States District

9   Court for the District of Columbia and not in this one.  <u>See</u> 28 U.S.C. § 1391(b).

10  Accordingly, Defendants' motion to transfer is GRANTED.  (Docket No. 38.)  The

11  claims against the United States Defendants shall be severed from this action and

12  transferred to the United States District Court for the District of Columbia.  <u>See</u> 28 U.S.

13  C. § 1406(a).

14  **B.**    <u>**Motion for Leave to Proceed *In Forma Pauperis***</u>

15        Plaintiff's motion for leave to proceed <u>in forma pauperis</u>, (Docket No. 69), is

16  DENIED as unnecessary.  He has already been granted *pauper* status in this matter.  (*See*

17  Docket No. 9.)

18  **C.**    <u>**Motion to Compel Production of Discovery**</u>

19        Plaintiff has filed a motion to compel production of discovery.  (Docket No. 75.)

20  The motion is DENIED without prejudice as briefing shall proceed against Defendant

21  Harris in accordance with the schedule set forth below.  The parties shall proceed in good

22  faith to comply with relevant discovery requests.  Plaintiff may renew is motion to compel

23  in the event Defendant fails to respond.

24

25                      **CONCLUSION**

26       1.    The United States Defendants' motion to transfer is **GRANTED**.  (Docket

27  No. 38.)  The claims against the United States Defendants are severed from this action

28  and **TRANSFERRED** to the United States District Court for the District of Columbia.

1    See 28 U.S. C. § 1406(a).  The Clerk shall transfer a copy of the file to the District of

2    Columbia.

3         2.     Plaintiff's motion to proceed in forma pauperis, (Docket No. 69), is

4    **DENIED** as unnecessary.  (Docket No. 69.)

5         3.     Plaintiff's motion to compel discovery, (Docket No. 75), is **DENIED**

6    without prejudice.

7         4.     No later than **sixty (60) days** from the date of this order, Defendant shall

8    file a motion for summary judgment or other dispositive motion with respect to the claims

9    found cognizable against her in the Court's Order of Service (Docket No. 34).

10            a.     Any motion for summary judgment shall be supported by adequate

11   factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

12   Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor

13   qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion

14   that this case cannot be resolved by summary judgment, she shall so inform the Court

15   prior to the date the summary judgment motion is due.

16            b.     **In the event Defendant files a motion for summary judgment, the**

17   **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

18   **warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See**

19   **Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

20        5.     Plaintiff's opposition to the dispositive motion shall be filed with the Court

21   and served on Defendant no later than **twenty-eight (28) days** from the date Defendant's

22   motion is filed.

23        Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure

24   and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary

25   judgment must come forward with evidence showing triable issues of material fact on

26   every essential element of his claim).  Plaintiff is cautioned that failure to file an

27   opposition to Defendant's motion for summary judgment may be deemed to be a consent

28   by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

1   without a trial.  <u>See Ghazali v. Moran</u>, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam);

2   <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

3         6.     Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after

4   Plaintiff's opposition is filed.

5         7.     The motion shall be deemed submitted as of the date the reply brief is due.

6   No hearing will be held on the motion unless the Court so orders at a later date.

7         8.     All communications by the Plaintiff with the Court must be served on

8   Defendant, or Defendant's counsel once counsel has been designated, by mailing a true

9   copy of the document to Defendant or Defendant's counsel.

10        9.     Discovery may be taken in accordance with the Federal Rules of Civil

11  Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or

12  Local Rule 16-1 is required before the parties may conduct discovery.

13        10.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

14  court informed of any change of address and must comply with the court's orders in a

15  timely fashion.  Failure to do so may result in the dismissal of this action for failure to

16  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

17        11.    Extensions of time must be filed no later than the deadline sought to be

18  extended and must be accompanied by a showing of good cause.

19        This order terminates Docket Nos. 38, 69 and 75.

21  DATED: _____12/4/15_____

22                                 EDWARD J. DAVILA

                                   United States District Judge

1

2

3

4               UNITED STATES DISTRICT COURT

5               NORTHERN DISTRICT OF CALIFORNIA

6

7   ROBERT RUBINO,                          Case No. <u>5:14-cv-05553-EJD</u>
                     Plaintiff,

8
                                            **CERTIFICATE OF SERVICE**
9         v.

10  KAMALA D. HARRIS, et al.,

                     Defendants.
11

12

13        I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
    District Court, Northern District of California.

14
          That on 12/7/2015, I SERVED a true and correct copy(ies) of the attached, by placing said
15  copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
    said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
16  located in the Clerk's office.

17        Robert  Rubino ID: F61501
          R.J. Donovan Correctional Facility
18        480 Alta Rd
          San Diego, CA 92179
19

20

21  Dated: 12/7/2015

22

23                                          Susan Y. Soong
                                            Clerk, United States District Court
24

25

26                                          By: *Elizabeth C Garcia*
                                            Elizabeth Garcia, Deputy Clerk to the
27                                          Honorable EDWARD J. DAVILA

28