UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT RUBINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 15-2151 (RMC) |
| | ) |
| UNITED STATES OF AMERICA *et al.*, | ) |
| | ) |
| Defendants. | ) |

Plaintiff Robert Rubino is a California state prisoner incarcerated at a correctional facility in San Diego, California. Mr. Rubino filed a lawsuit *pro se* in the United States District Court for the Northern District of California against California Attorney General Kamala D. Harris and several federal judges in the Ninth Circuit Court of Appeals and in the Southern, Northern, Central and Eastern districts of California. In May 2015, Mr. Rubino filed an amended complaint that named Harris as the sole California defendant and added the United States and United States Attorney General Loretta Lynch. On December 7, 2015, the Northern District of California severed the complaint and transferred the claims against the United States and Attorney General Lynch to this Court pursuant to 28 U.S.C. § 1406(a). The United States and Lynch have moved to dismiss Mr. Rubino's First Amended Complaint [Dkt. 32-1] under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, the motion will be granted.

## I.  BACKGROUND

A California jury convicted Mr. Rubino in October 2006 of sixteen counts of lewd acts upon a minor and two counts of displaying harmful matter to a minor with the intent to

seduce the minor.  The San Diego Superior Court sentenced Mr. Rubino on February 22, 2007, to an aggregate prison sentence of 73 years to life.  *See Rubino v. Allison*, No. 11cv665 WQH WVG, 2012 WL 760709, at *1 (S.D. Cal. Mar. 6, 2012); Mot. to Dismiss at 2.  Mr. Rubino has filed multiple habeas petitions in state and federal courts in California without success.  He is now barred under the successive habeas statute, 28 U.S.C. § 2244(b), from pursuing habeas relief in federal court without first obtaining permission from the Ninth Circuit.

In his Amended Complaint, Mr. Rubino invokes the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and 42 U.S.C. §§ 1983-85, and he purports to bring a class action.[1]  Mr. Rubino states that the "nine Doe plaintiffs are representative of the class that have all been convicted of committing non-violent 'any touching' acts without intent that 'actually is not required' to convict anyone of California Penal Code 288."  Compl. at 2.  He claims that the California statute under which he was convicted is "unconstitutionally void for both vagueness and overbreadth as so construed;" thus "both declaratory and injunctive relief are sought."  *Id*.  In addition, Mr. Rubino challenges on constitutional grounds various provisions of the Prison Litigation Reform Act ("PLRA") and the Antiterrorism and Effective Death Penalty Act ("AEDPA"), including the successive habeas statute and AEDPA's one-year statute of limitations.  *See Head v. Wilson*, 792 F.3d 102, 106 (D.C. Cir. 2015) (describing AEDPA as "the federal court's 'labyrinth' collateral procedure," the "strictures" with which a would-be federal habeas petitioner [ ] must comply") (quoting *Maynard v. Boone*, 468 F.3d 665, 669 (10th Cir.

---

[1]  Mr. Rubino cannot press the claims of other prisoners because he is not a licensed attorney. *See* 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases [in federal court] personally or by [licensed] counsel[.]"); *Vazquez v. Fed. Bureau of Prisons*, 999 F. Supp. 2d 174, 177 (D.D.C. 2013) ("As a general rule applicable here, an individual appearing *pro se* may not represent other individuals in federal court, and courts have routinely denied a prisoner's request to represent a class of prisoners without the assistance of counsel.") (citations omitted)).

2006)).

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim challenges the adequacy of a complaint on its face. Fed. R. Civ. P. 12(b)(6). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Id*. at 570. A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Id*. at 555 (citation and internal quotation marks omitted). But a court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and public matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

## III. ANALYSIS

The transferring court construed Mr. Rubino's claims as brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)—the authority for bringing personal-capacity lawsuits against federal officials for constitutional violations. But Mr. Rubino contends that the United States and Attorney General Lynch "are sued in their

political and official capacities for enacting and applying AEDPA's and the PLRA's unconstitutional as applied Statutes and Rules to deny either 42 U.S.C. 1983, or habeas corpus review as required by the First Amendment and Article 1, Section 9, Clause 2 of the U.S. Const." Am. Compl. at 16.  In addition, Mr. Rubino does not seek a *Bivens* remedy, which "is [money] damages or nothing." *Davis v. Passman*, 442 U.S. 228, 245 (1979); *accord Simpkins v. D.C. Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("*Bivens* actions are for damages."). Consequently, the transferred *Bivens* claim will be dismissed under Rule 12(b)(6).

Mr. Rubino's claim against Lynch in her official capacity is generally "another way of pleading an action against [the United States]." *Kentucky v. Graham*, 473 US 159, 165-66 (1985) (citing *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).  Mr. Rubino's official-capacity claim rests on an erroneous premise.  Congress (not the Attorney General) enacts laws such as the AEDPA and PLRA, and the federal courts (not the Attorney General) generally "apply the law as it reads." *Flatow v. Islamic Republic of Iran*, 201 F.R.D. 5, 9 (D.D.C. 2001).  Furthermore, it is "well-settled that a prisoner seeking relief from his conviction or sentence may not bring [ ] an action" for injunctive and declaratory relief, *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) (citations omitted)); such is the exclusive province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

Mr. Rubino insists that he "is not seeking relief or release from his state court convictions or sentences," Opp'n at 1 [Dkt. 82], but "he does not claim an injury apart from the fact of his conviction[s]." *Williams*, 74 F.3d at 1340.  Mr. Rubino claims in his opposition that he is being denied "meaningful court access." Opp'n at 7.  He cites the favorable termination requirement established in *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars a prisoner from filing a civil suit prior to invalidating his conviction or sentence if his success in the civil suit

would necessarily invalidate the conviction or sentence. Mr. Rubino seems to suggest that he can never satisfy *Heck* because of the barriers he faces under AEDPA. *See* Opp'n at 7 (stating that "as applied by the federal courts in California, plaintiff is both procedurally and objectively barred from receiving any/all habeas corpus relief or to appeal their denials to a Circuit Court"). But the constitutional right to access the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, to establish a court access claim, a plaintiff must show that he has lost a "valid legal claim" or has been unable "to raise such a claim in any other proceeding." *Ali v. District of Columbia*, 278 F.3d 1, 8 (D.C. Cir. 2002). The fact that Mr. Rubino is subject to the restrictions of *Heck* and AEDPA's successive habeas rule undermines any notion that he has lost a valid claim. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996) (holding that AEDPA's restrictions on filing second habeas petitions "do not amount to a 'suspension' of the writ contrary to Art. I, § 9" of the Constitution); *accord Doggett v. Gonzales*, No. 06-0575, 2007 WL 2893405, at *7 (D.D.C. Sept. 29, 2007) (concluding that "plaintiffs are not denied access to the courts because they have no actionable legal claim").

Finally, to the extent that Mr. Rubino is seeking "relief to halt California Federal Courts' abuse of the United States Constitution and the American Criminal Justice system," based on their application of the AEDPA and PLRA to him, Opp'n at 15, this Court is without jurisdiction to grant or deny such relief. *See Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v.*

5

*Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

## IV. CONCLUSION

The Court concludes that Mr. Rubino has failed to state a *Bivens* claim against Attorney General Lynch and a claim for equitable relief against the United States. Consequently, Defendants' motion to dismiss the amended complaint will be granted.[2]

Date: September 1, 2016                              \_\_\_\_\_/s/_____
                                                                     ROSEMARY M. COLLYER
                                                                     United States District Judge

---

[2] A memorializing order accompanies this Memorandum Opinion.